**CLARKSON LAW FIRM, P.C.**
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Bryan P. Thompson (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (231) 788-4070

*Counsel for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.B., T.M. and R.A., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>7TABZ RETAIL, LLC, a Florida Corporation, 7TABZ DISTRIBUTION, LLC, a Florida Corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. **'26CV0440 JLS  DDL**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE SECTION 1750, *et seq.*<br>2. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE SECTION 17200, *et seq.*<br>3. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, BUSINESS & PROFESSIONS CODE SECTION 17500, *et seq.*<br>4. VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICE ACT, FLA. STAT. § 501.201, *ET SEQ.*<br>5. BREACH OF WARRANTY<br>6. UNJUST ENRICHMENT<br><br>**DEMAND FOR JURY TRIAL** |

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

1.     Plaintiffs Z.B., T.M. and R.A.[1] ("**Plaintiffs**"), individually and on behalf of all other similarly situated purchasers, as more fully described herein ("**the Class**" and/or "**Class Members**"), by and through their attorneys, bring this class action against 7Tabz Retail LLC and 7Tabz Distribution LLC (collectively "**7Tabz**" or "**Defendants**"), and allege the following based upon information and belief, unless otherwise expressly stated as based upon personal knowledge.

## I.     INTRODUCTION

2.     **Synopsis.** This case arises from Defendants' deliberate and deceptive scheme to exploit ordinary consumers' desire for natural wellness, mental clarity, and safe relief while concealing the truth about the dangerous and addictive nature of their supplements, sold under the 7Tabz brand, as defined further below (the "**Products**").

3.     Defendants marketed the Products using representations such as "pure extract" and "leaf extract," prominently displaying plant imagery and natural flavor descriptors, conveying to reasonable consumers that the Products are natural, safe, and suitable for ingestion. Yet Defendants concealed the fact that these Products are inherently dangerous because their main ingredient, kratom, is an unregulated, highly potent, and addictive psychoactive substance, consumption of which mimics opioid and stimulant effects, carrying serious risks of dependence, withdrawal, overdose-like toxicity, and even death. ("**Material Omission**").

4.     Defendants' omission was material. Because the Products are intended for ingestion, reasonable consumers would consider information concerning addiction potential, withdrawal symptoms, and serious adverse health outcomes essential to their purchasing decisions. By omitting these serious risks while

---

[1] Plaintiffs are filing under their initials for the sake of their personal privacy, due to the highly sensitive nature of their addiction and physical dependency on Defendants' Products. Plaintiffs seek to proceed pseudonymously due to the stigma of addiction and the mental and physical effects they suffered as described further herein. Plaintiffs will file any required motion with the Court to do so, if required.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

emphasizing the Products' natural qualities, Defendants created a false and misleading impression of safety.

5.    At no point in the Products' labeling, advertising, or marketing materials did Defendants provide clear, conspicuous, or meaningful warnings regarding the Products' addictive nature or the risk of serious harm. Instead, Defendants' affirmatively reinforced the misleading perception that the Products were benign dietary supplements, despite knowing that kratom poses substantial health and safety risks.

6.    Consumers are not aware of these serious risks associated with kratom. Defendants were, and still are. The Food and Drug Administration had repeatedly issued warnings related to kratom's opioid-like effects, abuse potential, and risks of dependence and serious adverse outcomes. Instead of disclosing these serious risks to consumers, to date, Defendants continue to market and sell these dangerous Products without any adequate warnings, prioritizing sales and market share over consumers' safety.

7.    Plaintiffs and other reasonable consumers reasonably relied on Defendants' deceptive omissions and misleading marketing in purchasing these Products. Had Defendants disclosed the truth, Plaintiffs would not have purchased the Products at all — or would have paid significantly less. Defendants' unlawful conduct caused economic harm to consumers and allowed Defendants to reap unjust profits and gain an unfair competitive advantage. Plaintiffs seek to hold Defendants accountable for their unlawful practices and seek injunctive relief, restitution, and damages on behalf of themselves and all other similarly situated consumers.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

CLASS ACTION COMPLAINT

8.    **Images of the Products**:




CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



5





CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28






CLASS ACTION COMPLAINT

9.    **Products**. The Products at issue are all sizes, flavors, and varieties of 7Tabz kratom Products including, but not limited to, 15 mg 7-OH Unflavored Tablets, 15 mg 7-OH Tropical Flavor Tablets, 15 mg 7-OH Cherry Flavor Tablets, 15 mg 7-OH Berry Flavor Tablets, 15 mg 7-OH Grape Flavor Tablets,  15 mg 7-OH Mint Flavor Tablets, 15 mg 7-OH Citrus Flavor Tablets, 15 mg 7-OH Blue Razz Flavor Tablets, 30 mg 7-OH Unflavored Tablets, 30 mg 7-OH Berry Tablets, 30 mg 7-OH Tangerine Tablets, 30 mg 7-OH Watermelon Tablets, 65 mg 7-OH Unflavored Tablets, 65 mg 7-OH Berry Tablets, 65 mg 7-OH Blue Razz Tablets, 20 mg 7-OH + Pseudo Unflavored Tablets, 20 mg 7-OH + Pseudo Berry Tablets, and 20 mg 7-OH + Pseudo Mint Tablets.

10.    **The Deception.** Defendants falsely and misleadingly market, advertise, and label their Products by failing to adequately inform and warn consumers that the Products pose a risk of both short-term and long-term negative health effects, including death, as a result of the opioid effect produced by ingesting kratom. As a result, consumers are deceived into purchasing the Products to the detriment of their health.

11.    Consumers today are more health conscious than ever, looking to dietary supplements like the Products here to help with issues such as sleep, focus, energy, and anxiety. Consumers are willing to pay, and have paid, a premium for products that proport to ease these everyday ailments.  At the expense of unwitting consumers, as well as Defendants' lawfully acting competitors over whom Defendants maintain an unfair competitive advantage, Defendants seek to capitalize on consumers' preferences for dietary supplements and health-focused products by failing to adequately warn consumers of the significant health risk posed by consumption of their Products. Accordingly, Defendants' Material Omission is misleading and deceptive, and therefore unlawful.

CLASS ACTION COMPLAINT

12.    **Primary Dual Objectives.** Plaintiffs bring this action individually and on behalf of those similarly situated to represent a Nationwide Class and several state Subclasses of consumers who purchased the Products (defined *infra*) for dual primary objectives. The Plaintiffs seek on their own individual behalf and on behalf of the Class, a monetary recovery of the premium consumers paid for the Material Omission and Defendants' ill-gotten gains, as consistent with permissible law (including, for example, damages, restitution, disgorgement, and any applicable penalties/punitive damages). Plaintiffs further seek injunctive relief to stop Defendants' unlawful manufacturing, labeling, and advertising of the Products and to dispel the public's misperception caused by the Material Omission by enjoining Defendants' unlawful advertising practices for the benefit of consumers, including Plaintiffs and the Class.

## II. JURISDICTION

13.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and minimal diversity exists. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

14.    This Court has personal jurisdiction over Defendants because Defendants have purposefully directed their conduct toward California and have maintained substantial, continuous, and systematic contacts with this state, including conducting substantial business in California, and the claims alleged here arise out of and relate to Defendants' forum-related activities. Several Plaintiffs purchased products at issue in California, and Plaintiff Z.B. purchased the Products in San Diego County.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050   F: (213) 788-4070 | clarksonlawfirm.com

### III.  <u>VENUE</u>

15.   Venue is proper in this District under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District, including selling the Products at issue in San Diego County, and because substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

### IV.  <u>PARTIES</u>

16.   **Plaintiff Z.B.** Z.B. is a resident of California and lives in San Diego County. Z.B. purchased Defendants' Products numerous times over the last year in reliance on Defendants' marketing and labeling, including the overall impression that these supplements are plant-derived and safe for consumption. Most recently, he purchased a pack of 7Tabz 30 mg tablets from Cloud Chasers Vape and Smoke Shop in La Mesa, California.

17.   In making his purchase, Z.B. relied upon Defendants' labeling, marketing, and advertising, leading him to believe he would receive a Product that would provide energy and focus. Unaware of the risks associated with ingesting these Products (Material Omission), that the Products pose serious risks to human health, including the risk of dependence, withdrawal, and even death, Z.B. used the Product as an ordinary consumer would. As a direct result, Z.B. experienced a series of adverse effects when he stopped taking Defendants' Products, including severe headaches, fatigue, sweating, and physical agitation, followed by withdrawal symptoms including anxiety, insomnia, restlessness, and chills.

18.   Had Z.B. known that the Products posed a risk of both short-term and long-term adverse health effects, he would not have purchased the Products. Z.B. is, and continues to be, unable to rely on the Products' labels and packaging due to the Material Omission.

19.   **Plaintiff T.M.** T.M. is a resident of California and lives in Los Angeles County. T.M. purchased Defendants' Products numerous times over the last year in reliance on Defendants' marketing and labeling, including the overall impression that

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

CLASS ACTION COMPLAINT

these are supplements are plant-derived and safe for consumption. Most recently, he purchased a pack of 7Tabz 30 mg tablets from ZaZaLand Smoke and Vape in Long Beach, California.

20.    In making his purchase, T.M. relied upon Defendants' labeling, marketing, and advertising, leading him to believe he would receive a Product that would provide calm and relaxation. Unaware of the risks associated with ingesting these Products (Material Omission), that the Products pose serious risks to human health, including the risk of dependence, withdrawal, and even death, T.M. used the Product as an ordinary consumer would. As a direct result, T.M. experienced a series of adverse effects when he stopped taking Defendants' Products, including excessive sweating, fatigue, and physical agitation, followed by withdrawal symptoms including anxiety, insomnia, full body aches, and restlessness.

21.    Had T.M. known that the Products posed a risk of both short-term and long-term adverse health effects, he would not have purchased the Products. T.M. is, and continues to be, unable to rely on the Products' labels and packaging due to the Material Omission.

22.    **Plaintiff R.A.** R.A. is a resident of Florida. R.A. purchased Defendants' Products within the past year in reliance on Defendants' marketing and labeling, including the overall impression that these supplements are plant-derived and safe for consumption. Most recently, he purchased a pack of 7Tabz kratom products from a merchant in Marion County, Florida.

23.    In making his purchase, R.A. relied upon Defendants' labeling, marketing, and advertising, leading him to believe he would receive a Product that would help him supplement his energy. Unaware of the risks associated with ingesting these Products (Material Omission), that the Products pose serious risks to human health, including the risk of dependence, withdrawal, and even death, R.A. used the Product as an ordinary consumer would. As a direct result, R.A. experienced a series of adverse effects when he stopped taking Defendants' Products, including

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

back spasms, kidney issues and physical agitation, followed by withdrawal symptoms including anxiety, insomnia, and cravings.

24.    Had R.A. known that the Products posed a risk of both short-term and long-term adverse health effects, he would not have purchased the Products. R.A. is, and continues to be, unable to rely on the Products' labels and packaging due to the Material Omission.

25.    **Plaintiffs' Future Harm.** Defendants continue to market and sell the Products with the Material Omission and fail to disclose the dangers of the Products. This leaves the Plaintiffs at risk of reasonably, but incorrectly, assuming that Defendants have fixed the Products such that they may buy them again, believing that they are safe to consume. In this regard, the Plaintiffs are currently, and in the future, deprived of the ability to rely on the Products' labels and packaging due to the Material Omission. Furthermore, Plaintiffs and other consumers face ongoing symptoms and continued risk of relapse and withdrawal attributable to Defendants' deceptive sale of highly concentrated and addictive Products without adequate disclosure.

26.    Absent public injunctive relief, requiring Defendants to disclose the omitted facts, Plaintiffs and other consumers will continue to experience harm, including being misled about the nature and risks of Defendants' supplements.

27.    **Defendant 7Tabz Retail, LLC d/b/a 7Tabz** is a corporation headquartered and/or maintaining a principal place of business in Florida which does business under "7Tabz." 7Tabz Retail is and was doing business in the State of California at all relevant times. 7Tabz Retail owns and operates the website www.pop7tabz.com, and markets, distributes and sells its Products in California and throughout the United States. Directly and through its agents, 7Tabz Retail has substantial contacts with and receives substantial benefits and income from and through the state of California. 7Tabz Retail is one of the owners, manufacturers, and/or distributors of the Products, and is one of the companies that created and/or

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

authorized the misleading and deceptive labeling of the Products. 7Tabz Retail and its agents promoted, marketed, and sold the Products at issue in this jurisdiction. The unfair, unlawful, deceptive, and misleading advertising, including namely the Material Omission on the Products, was prepared, authorized, ratified, and/or approved by 7Tabz Retail and its agents and was disseminated throughout California and the nation by 7Tabz Retail and its agents to deceive and mislead consumers into purchasing the Products and/or paying a premium for them.

28.    **Defendant 7Tabz Distribution, LLC, d/b/a 7Tabz** is a corporation headquartered and/or maintaining a principal place of business in Florida. Upon information and belief, 7Tabz Distribution. LLC was formed on March 30, 2024, and is responsible for selling the 7Tabz products to distributors who then direct its sale across the United States, including in California.

## V.    FACTUAL ALLEGATIONS

### A. The Products Pose Significant Dangers

29.    The Products contain kratom, a type of plant indigenous to Southeast Asia that can produce psychoactive effects when ingested.[2] Kratom is an unregulated, highly addictive substance that simulates both a stimulant and an opioid, and has serious side effects.[3] Dried kratom leaves are sold as a loose powder, packaged into gel capsules, pressed into tablets, or made into an extract.[4]

30.    The two main chemical components of kratom, mitragynne and 7-hydroxymitragynine ("**7-OH-mitragynine**" or "**7-OH**") bind to the mu-opioid

---

[2] Steven C. Eastlak, *et al., Kratom—Pharmacology, Clinical Implications, and Outlook: A Comprehensive Review,* NATIONAL LIBRARY OF MEDICINE (published January 28, 2020) https://pmc.ncbi.nlm.nih.gov/articles/PMC7203303/.

[3] *FDA and Kratom,* U.S. FOOD & DRUG ADMINISTRATION (updated July 29, 2025), https://www.fda.gov/news-events/public-health-focus/fda-and-kratom.

[4] Steven C. Eastlack, *et al., Kratom—Pharmacology, Clinical Implications, and Outlook: A Comprehensive Review,* NATIONAL LIBRARY OF MEDICINE (published January 28, 2020) https://pmc.ncbi.nlm.nih.gov/articles/PMC7203303/.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050   F: (213) 788-4070 | clarksonlawfirm.com

receptors in the brain, and cause adverse actions on serotonin, dopamine, norepinephrine, and the kappa opioid receptors.[5]

31.   Kratom use can cause both short term and long term effects.[6] Short term effects include hypertension, sleep problems, nausea, temporary erectile dysfunction, constipation, itching, and sweating.[7] Long term effects include substance abuse disorder, anorexia, seizures, serious arrhythmias, drug-induced intrahepatic cholestasis, adult respiratory distress syndromes, primary hypothyroidism, nephrotoxicity, psychosis, sub and cognitive impairment, dry mouth, hyper pigmentation, diuresis, and hair loss.[8]

32.   Kratom has not been approved for use by the U.S. Food & Drug Administration ("**FDA**") for any over the counter drug products, dietary supplements, or prescription drugs.[9] In fact, the FDA has concluded that kratom "is an unsafe food additive within the meaning of section 409" and when added to food, that food is deemed "adulterated under section 402(a)(2)(C)(i)."[10]

33.   Defendants' Products are specifically advertised to contain 7-OH, the most potent form of kratom, which is approximately 13 times stronger than morphine.[11]

---

[5] *FDA and Kratom,* U.S. FOOD & DRUG ADMINISTRATION (updated July 29, 2025), https://www.fda.gov/news-events/public-health-focus/fda-and-kratom.
[6] Akhil Anand, MD, *et al., The Addictive Potential and Challenges with Use of the "Herbal Supplement" Kratom: A Case Report and Literature Review,* OXFORD ACADEMIC (published January 2022) https://academic.oup.com/painmedicine/article/23/1/4/6209753.
[7] *Id.*
[8] *Id.*
[9] *FDA and Kratom*, U.S. FOOD & DRUG ADMINISTRATION (updated July 29, 2025), https://www.fda.gov/news-events/public-health-focus/fda-and-kratom.
[10] *Id.*
[11] Steven C. Eastlack, *et al., Kratom—Pharmacology, Clinical Implications, and Outlook: A Comprehensive Review,* NATIONAL LIBRARY OF MEDICINE (published January 28, 2020) https://pmc.ncbi.nlm.nih.gov/articles/PMC7203303/.

34.    According to the FDA, Products made with 7-OH are considered "dangerous, illegal opioids," and on July 29, 2025, the FDA made an official recommendation to classify 7-OH Products under the Controlled Substance Act as a scheduled drug. [12] The "pharmacological profile, abuse liability, and emerging patterns of non-medical use establish 7-OH as a dangerous substance," and a "threat to American public health."[13]

**B. The Products' Labels Do Not Contain Necessary Warnings**

35.    Defendants' Products fail to provide an adequate warning or clear indication that use of the Products may be addictive or have severe adverse effects.

36.    Consumers do not know, and Defendants fail to disclose, that kratom contains psychoactive alkaloids that interact with opioid receptors in the human brain in a manner similar to morphine and related opioids. As a result, kratom can produce opioid-like effects and carries a comparable risk of physical dependence, addiction, tolerance, and withdrawal symptoms when use is reduced or discontinued.

37.    Defendants conceal and fail to warn consumers of the unreasonable health hazards of the Products, withholding their knowledge and information because it will diminish sales and cause lost revenue. In other words, Defendants have determined that instead of proactively warning users of the severe harms caused by use of the Products, they will gamble their customers' lives in exchange for a profit.

38.    Defendants have a duty to consumers to disclose the hazards of the Products because a) kratom poses an unreasonable hazard to consumer health and thus is material to consumers' purchase decisions; b) Defendants are in a superior position to know kratom poses an unreasonable hazard to consumer health; and c)

---

[12] *FDA Takes Steps to Restrict 7-OH Opioid Products Threatening American Consumers,* U.S. FOOD & DRUG ADMINISTRATION (published July 29, 2025), https://www.fda.gov/news-events/press-announcements/fda-takes-steps-restrict-7-oh-opioid-Products-threatening-american-consumers.
[13] *Id.*

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

consumers are not reasonably expected to independently learn or discover the dangers of the Products.

39.   Plaintiffs and the Class would not have purchased the Products had they known about the unreasonable hazards to their health prior to their purchases. As a result of the Defendants' concealment and omission, Plaintiffs and the Class have suffered injury in fact, incurred damages, and have otherwise been harmed.

**C. Plaintiffs were Deceived into Purchasing the Products**

40.   **Deception.** Defendants label and advertise, through a uniform and consistent message, that the Products are something they are not. Defendants disseminate this uniform message through a broad range of media, including, by way of example and without limitation, omissions on its official website, packaging and labeling, and the like. This fails to provide consumers with a full understanding of the effects of consuming the Products.

41.   **Obligation to Disclose.** Defendants have an obligation to disclose that the Products pose a risk of both short-term and long-term negative health effects, and even death, as a result of the opioid effect produced by ingesting kratom, because failure to do so creates an unreasonable safety risk for consumers.

42.   **Materiality.** The Material Omission was and is material to reasonable consumers, including Plaintiffs, in making the decision to purchase the Products, as set forth herein. Plaintiffs would not have purchased the Products had they known of the Material Omission.

43.   **Reliance.** Reasonable consumers, including Plaintiffs, reasonably relied on the Products' labels and packaging with the Material Omission in deciding to purchase the Products, as set forth herein.

44.   **Falsity.** The Material Omission is false and deceptive because the Products pose a risk of both short-term and long-term negative health effects, including death, because of the opioid effect produced by ingesting kratom, and places consumers at risk of unreasonable harm.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

45. **Consumers Lack Knowledge of Deception/Fraudulence.** Consumers, including Plaintiffs, who purchased the Products did not know, and had no reason to know, at the time of purchase, that the Products' Material Omission was deceptive and fraudulent, as set forth herein.

46. **Defendants' Knowledge.** Defendants knew, or should have known, that the Material Omission was misleading and unlawful at the time that Defendants manufactured, marketed, advertised, labeled, and sold the Products with the Material Omission, and Defendants intentionally and deliberately used the Material Omission to cause Plaintiffs and similarly situated consumers to purchase the Products. Further, Defendants knew the Products posed serious risks to human health at the time Defendants manufactured, marketed, advertised, labeled, and sold the Products, and intentionally omitted this information to cause Plaintiffs and similarly situated consumers to purchase the Products. Defendants readily and easily could have mitigated the Material Omission but chose not to do so. Defendants are and were, at all times, statutorily required to ensure they provided adequate warnings prior to labeling, advertising, and selling the Products anywhere in the United States. Thus, Defendants knew, or should have known, at all relevant times, that the Material Omission was deceptive and that reasonable consumers, such as Plaintiffs, are being misled into buying the Products based on the belief that the Material Omission is not misleading.

47. **Detriment.** Plaintiffs and similarly situated consumers would not have purchased the Products, or would not have paid a price premium, if they had known of the Material Omission and, therefore, that the Products contained the undisclosed dangers. Accordingly, based on Defendants' Material Omission reasonable consumers, including Plaintiffs, purchased and consumed the Products to their detriment.

CLASS ACTION COMPLAINT

48.    **No Adequate Remedy at Law.** Plaintiffs and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

    a.  **Broader Statutes of Limitations.** The statutes of limitations for the causes of action pled herein vary. The limitations period is four years for claims brought under California's Unfair Competition Law ("**UCL**"), which is one year longer than the statutes of limitations under California's False Advertising Law ("**FAL**") and the California Consumer Legal Remedies Act ("**CLRA**"). In addition, the statutes of limitations vary for certain states' laws for breach of warranty and unjust enrichment/restitution, between approximately 2 and 6 years. Thus, California Subclass members who purchased the Products more than 3 years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL. Similarly, Nationwide Class Members who purchased the Products prior to the furthest reach-back under the statute of limitations for breach of warranty, will be barred from recovery if equitable relief were not permitted for restitution/unjust enrichment.

    b.  **Broader Scope of Conduct.** In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein. It includes, for example, Defendants' overall unfair marketing scheme to promote and brand the Products with the Material Omission across a multitude of media platforms, including the Products' labels and packaging, over a long period of time, to gain an unfair advantage over competitor products and to take advantage of consumers' desire for products that comport with the Material Omission. The UCL also creates a cause of action for violations of law (such as statutory or regulatory requirements and court orders related to similar omissions made on the type of Products at issue). Thus, Plaintiffs and Class Members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs—an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes—and other statutorily enumerated conduct). Similarly, unjust enrichment/restitution is broader than breach of warranty. For example, in some states, breach of warranty may require privity of contract or pre-lawsuit notice, which are not typically required to establish unjust enrichment/restitution. Thus, Plaintiffs and Class Members may be entitled to recover under unjust enrichment/restitution,

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

while not entitled to damages under breach of warranty, because they purchased the Products from third-party retailers or did not provide adequate notice of a breach prior to the commencement of this action.

c. **Injunctive Relief to Cease Misconduct and Dispel Misperception**. Injunctive relief is appropriate on behalf of Plaintiffs and members of the Class because Defendants continue to misrepresent the Products with the Material Omission. Injunctive relief is necessary to prevent Defendants from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief, in the form of affirmative disclosures, is necessary to dispel the public misperception about the Products that have resulted from years of Defendants' unfair, fraudulent, and unlawful marketing efforts. Such disclosures would include, but are not limited to, publicly disseminated statements informing of the Products' Material Omission and providing accurate information about the Products' true nature; and/or requiring prominent qualifications and/or disclaimers on the Products' front labels concerning the Products' true nature. An injunction, requiring affirmative disclosures to dispel the public's misperception and prevent the ongoing deception and repeat purchases based thereon, is also not available through a legal remedy (such as monetary damages). In addition, Plaintiffs are currently unable to accurately quantify the damages caused by Defendants' future harm, because discovery and Plaintiffs' investigation have not yet completed, rendering injunctive relief all the more necessary. For example, because the court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members, its respective purchasing practices, prices of past/future Products' sales, and quantities of past/future Products' sales.

d. **Public Injunction.** Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

e. **California vs. Nationwide Class Claims.** Violations of the UCL, FAL, and CLRA are claims asserted on behalf of Plaintiffs and the California Subclass against Defendants, while breach of warranty and unjust enrichment/restitution are asserted on behalf of Plaintiffs and the Nationwide Class. Dismissal of farther-reaching claims, such as restitution, would bar recovery for non-California members of the Class.

In other words, legal remedies available or adequate under the California-specific causes of action (such as the UCL, FAL, and CLRA) have no impact on this Court's jurisdiction to award equitable relief under the remaining causes of action asserted on behalf of non-California putative class members.

f. **Procedural Posture—Incomplete Discovery & Pre-Certification.** Lastly, this is an initial pleading in this action, and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has commenced and/or completed. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiffs' individual claims and any certified class or subclass. Plaintiffs therefore reserve Plaintiffs' right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for either Plaintiffs and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

# VI.  CLASS ALLEGATIONS

49.    **Class definition.** Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and all others similarly situated, and as members of the Classes defined as follows:

All persons who purchased the Products in the United States for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present (the "**Nationwide Class**"), and/or;

All persons who purchased the Products in the State of California for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present "(the "**California Subclass**")

All persons who purchased the Products in the State of Florida for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present "(the "**Florida Subclass**")

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

(the Nationwide Class and the state Subclasses are collectively referred to herein as the "**Class**").

These definitions may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and order of this Court.

50.  **Class Definition Exclusions.** Excluded from the Class are: (i) Defendants, their assigns, successors, and legal representatives; (ii) any entities in which Defendants have controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

51.  **Reservation of Rights to Amend the Class Definition.** Plaintiffs reserve the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

52.  **Numerosity.** The Class is so numerous that individual joinder is impracticable. On information and belief, members of the Class number, at a minimum, in the thousands throughout California and the United States. The precise number of Class Members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

53.  **Common Questions Predominate.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class Members. Common questions of law and fact include, but are not limited to, the following:

CLASS ACTION COMPLAINT

a. Whether Defendants engaged in unlawful, unfair or deceptive business practices by advertising and selling the Products;

b. Whether Defendants' conduct of advertising and selling the Products without adequate warnings when they pose a risk of both short-term and long-term negative health effects, including death, as a result of the opioid effect produced by ingesting kratom, constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code §§ 1750, *et seq.*;

c. Whether Defendants used deceptive representations in connection with the sale of the Products in violation of Civil Code §§ 1750, *et seq.*;

d. Whether Defendants represented that the Products have characteristics or qualities that they do not have in violation of Civil Code §§ 1750, *et seq.*;

e. Whether Defendants advertised the Products with intent not to sell them as advertised in violation of Civil Code §§ 1750, *et seq.*;

f. Whether Defendants' labeling and advertising of the Products are untrue or misleading in violation of Business and Professions Code §§ 17500, *et seq.*;

g. Whether Defendants knew or by the exercise of reasonable care should have known their labeling and advertising were and are untrue or misleading in violation of Business and Professions Code §§ 17500, *et seq.*;

h. Whether Defendants' conduct is an unfair business practice within the meaning of Business and Professions Code §§ 17200, *et seq.*;

i. Whether Defendants' conduct is a fraudulent business practice within the meaning of Business and Professions Code §§ 17200, *et seq.*;

j. Whether Defendants' conduct is an unlawful business practice within the meaning of Business and Professions Code §§ 17200, *et seq.*;

k. Whether Defendants' conduct constitutes deceptive or unfair business practices within the meaning of the Florida Deceptive and Unfair Trade Practice Act, Fla. Stat. § 501.201, *et seq.*;

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

l.  Whether Plaintiffs and the Class paid more money for the Products than they actually received;

m.  How much more money Plaintiffs and the Class paid for the Products than they actually received;

n.  Whether Defendants' conduct constitutes breach of warranty;

o.  Whether Plaintiffs and the Class are entitled to injunctive relief; and

p.  Whether Defendants were unjustly enriched by their unlawful conduct.

54.  **Typicality.** The Plaintiffs' claims are typical of the claims of the Class Members they seek to represent because Plaintiffs, like the Class Members, purchased Defendants' misleading and deceptive Products. Defendants' unlawful, unfair, and/or fraudulent actions concern the same business practices described herein, irrespective of where they occurred or were experienced. Plaintiffs and the Class sustained similar injuries arising out of Defendants' conduct. Plaintiffs' and Class Members' claims arise from the same practices and courses of conduct and are based on the same legal theories.

55.  **Adequacy**. Plaintiffs are adequate representatives of the Class they seek to represent because their interests do not conflict with the interests of the Class Members they seek to represent. Plaintiffs will fairly and adequately protect Class Members' interests and have retained counsel experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

56.  **Superior and Substantial Benefit.** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

CLASS ACTION COMPLAINT

a. The claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

b. Absent a class, the members of the Class will continue to suffer damages and Defendants' unlawful conduct will continue without remedy while Defendants profit from and enjoy their ill-gotten gains;

c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to, or would, seek legal redress individually for the wrongs the Defendants committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d. When the liability of Defendants has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

e. This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiffs and Class Members can seek redress for the harm caused to them by Defendants.

57. **Inconsistent Rulings.** Because Plaintiffs seek relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants.

58. **Injunctive/Equitable Relief.** The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

59. **Manageability**. Plaintiffs and Plaintiffs' counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

# VII.  CAUSES OF ACTION

## COUNT ONE
### Violation of California Consumers Legal Remedies Act
### (California Civil Code §§ 1750, *et seq.*)
### (*On Behalf of the California Subclass*)

60.    **Incorporation by Reference.** Plaintiffs Z.B. and T.M. ("Plaintiffs" for purposes of this Count) reallege and incorporate by reference all allegations contained in this complaint, as though fully set forth herein.

61.    **California Subclass.** Plaintiffs bring this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

62.    **CLRA Standard.** The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

63.    **Goods/Services.** The Products are "goods," as defined by the CLRA in California Civil Code § 1761(a).

64.    **Defendants.** Defendants are each a "person," as defined by the CLRA in California Civil Code § 1761(c).

65.    **Consumers.** Plaintiffs and members of the California Subclass are "consumers," as defined by the CLRA in California Civil Code § 1761(d).

66.    **Transactions.** The purchase of the Products by Plaintiffs and members of the California Subclass are "transactions" as defined by the CLRA under California Civil Code § 1761(e).

67.    **Violations of the CLRA.** Defendants violated the following sections of the CLRA by selling the Products to Plaintiffs and the California Subclass through the misleading, deceptive, and fraudulent Material Omission:

    a. Section 1770(a)(5) by representing that the Products have "characteristics, . . . uses [or] benefits . . . which they do not have."

b. Section 1770(a)(7) by representing that the Products "are of a particular standard, quality, or grade . . . [when] they are of another."

c. Section 1770(a)(9) by advertising the Products "with [the] intent not to sell them as advertised."

d. Section 1770(a)(16) by representing that the Products have "been supplied in accordance with a previous representation" when they have not.

68. **Knowledge.** Defendants' uniform and Material Omission regarding the Products were likely to deceive, and Defendants knew or should have known that their omission was misleading.

69. **Malicious.** Defendants' conduct is malicious, fraudulent, and wanton in that Defendants intentionally misled and withheld material information from consumers, including Plaintiffs, to increase the sale of the Products.

70. **Plaintiffs Could Not Have Avoided Injury.** Plaintiffs and members of the California Subclass could not have reasonably avoided such injury. Plaintiffs and members of the California Subclass were misled and unaware of the existence of facts that Defendants suppressed and failed to disclose, and Plaintiffs and members of the California Subclass would not have purchased the Products and/or would have purchased them on different terms had they known the truth.

71. **Causation/Reliance/Materiality.** Plaintiffs and the California Subclass suffered harm because of the Defendants' violations of the CLRA because they relied on the Products' labels and packaging with the Material Omission in deciding to purchase the Product. The Material Omission was a substantial factor. The Material Omission was material because a reasonable consumer would consider it important in deciding whether to purchase the Products.

72. **Section 1782(d)—Prelitigation Demand/Notice.** More than thirty days prior to the filing of this complaint, on or about November 18, 2025, Plaintiffs' counsel, acting on behalf of all members of the Class, mailed a Demand Letter, via U.S. certified mail, return receipt requested, addressed to Defendant 7Tabz Retail

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

LLC at its principal address registered with the Florida Secretary of State (7901 4th St N Ste. 300, St. Petersburg, FL 33702) and its registered agent for service of process (Northwest Registered Agents, 7901 4th St N Ste 300, St. Petersburg, FL 3370), which was delivered on November 24, 2025. While Defendant 7Tabz Retail LLC does business in California and sells its Products in the state, it does not maintain a registered principal place of business or registered agent in California.

73. **Causation/Damages.** As a direct and proximate result of the Defendants' misconduct in violation of the CLRA, Plaintiffs and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiffs and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiffs seek a monetary award for violation of this Act in the form of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiffs and the California Subclass for said monies.

74. **Injunction.** Given that the Defendants' conduct violated California Civil Code Section 1780, Plaintiffs and members of the California Subclass are entitled to seek, and do hereby seek, injunctive relief to put an end to Defendants' violations of the CLRA and to dispel the public misperception generated, facilitated, and fostered by Defendants' false advertising campaign. Plaintiffs have no adequate remedy at law. Without equitable relief, Defendants' unfair and deceptive practices will continue to harm Plaintiffs and the California Subclass. Accordingly, Plaintiffs seek an injunction to enjoin the Defendants from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to section 1780(a)(2), and otherwise require Defendants to take corrective action necessary to dispel the public misperception engendered, fostered, and facilitated through the Defendants' deceptive labeling and advertising of the Product with the Material Omission.

75.    **Punitive Damages.** Defendants' unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendants' misconduct is malicious as Defendants acted with the intent to cause Plaintiffs and consumers to pay for Products that they were not, in fact, receiving. Defendants willfully and knowingly disregarded the rights of Plaintiffs and consumers as Defendants were, at all times, aware of the probable dangerous consequences of their conduct and deliberately failed to avoid misleading consumers, including Plaintiffs. Defendants' misconduct was oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiffs and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendants' misconduct is fraudulent as Defendants, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiffs and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendants. Accordingly, Plaintiffs seek an award of punitive damages against the Defendants.

**COUNT TWO**
**Violation of California Unfair Competition Law,**
**(Business and Professions Code §§ 17200, *et seq*.)**
**(*On Behalf of the California Subclass*)**

76.    **Incorporation by Reference.** Plaintiffs Z.B. and T.M. ("Plaintiffs" for purposes of this Count) reallege and incorporate by reference all allegations contained in this complaint, as though fully set forth herein.

77.    **California Subclass.** This cause of action is brought pursuant to Business and Professions Code Section 17200, *et seq*., on behalf of Plaintiffs and a California Subclass who purchased the Products within the applicable statute of limitations.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

78.  **The UCL.** California Business and Professions Code, Sections 17200, *et seq.* (the "**UCL**") prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

79.  **False Advertising Claims.** Defendants, in their advertising and packaging of the Products, misled consumers by omitting the severe harms posed by ingesting kratom—specifically, the Material Omission—even though the Products pose short-term and long-term health risks, including death. The Material Omission does not appear on the labels and packaging of the Products, which are sold at retail stores and point-of-purchase displays, as well as Defendants' official website, and other retailers' advertisements that have adopted Defendants' advertisements.

80.  **Defendants' Deliberately Fraudulent Marketing Scheme.** Defendants do not have any reasonable basis for the Material Omission on their advertising and on their packaging or labeling because the Products pose short-term and long-term health risks, including death. Defendants knew and still know that the Products pose short-term and long-term health risks, including death, though the Defendants intentionally advertised and marketed the Product to deceive reasonable consumers.

81.  **Misleading Advertising Claims Cause Purchase of Product.** Defendants' labeling and advertising of the Products led to, and continues to lead to, reasonable consumers, including Plaintiffs, believing the Products' advertising and labeling with the Material Omission.

82.  **Injury in Fact.** Plaintiffs and the California Subclass have suffered injury in fact and have lost money or property because of and in reliance upon Products' advertising and labeling with the Material Omission—namely, Plaintiffs and the California Subclass lost the purchase price for the Products they bought from Defendants.

CLASS ACTION COMPLAINT

83. **Conduct Violates the UCL.** Defendants' conduct, as alleged herein, constitutes unfair, unlawful, and fraudulent business practices pursuant to the UCL. The UCL prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising." Cal. Bus & Prof. Code § 17200. In addition, the Defendants' use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise that are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business and Professions Code Sections 17200 and 17531, which Defendants' advertisements have deceived and are likely to deceive the consuming public, in violation of Business and Professions Code Section 17200.

84. **Reasonably Available Alternatives.** Defendants failed to avail themselves of reasonably available, lawful alternatives to further their legitimate business interests.

85. **Business Practice.** All the conduct alleged herein occurred and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern, practice, and/or generalized course of conduct, which will continue daily until Defendants voluntarily alter their conduct or Defendants are otherwise ordered to do so.

86. **Injunction.** Pursuant to Business and Professions Code Sections 17203 and 17535, Plaintiffs and the members of the California Subclass seek an order from this Court enjoining Defendants from continuing to engage, use, or employ their practice of labeling and advertising the sale and use of the Products. Likewise, Plaintiffs and the members of the California Subclass seek an order requiring Defendants to disclose the Material Omission, and to preclude Defendants' failure to disclose the existence and significance of said omission.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

87. **Causation/Damages.** As a direct and proximate result of Defendants' misconduct in violation of the UCL, Plaintiffs and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiffs and members of the California Subclass have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiffs seek a monetary award for violation of the UCL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiffs and the California Subclass for said monies, as well as injunctive relief to enjoin Defendants' misconduct to prevent ongoing and future harm that will result.

### *"Unfair" Prong*

88. **Unfair Standard.** Under the UCL, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006).

89. **Injury.** Defendants' action of mislabeling the Products with the Material Omission does not confer any benefit to consumers; rather, doing so causes injuries to consumers, who do not receive Products commensurate with their reasonable expectations, overpay for the Products, receive Products of lesser standards than what they reasonably expected to receive, and are exposed to severe health risks. Consumers cannot avoid any of the injuries caused by Defendants' deceptive labeling and advertising of the Product. Accordingly, the injuries caused by the Defendants' deceptive labeling and advertising outweigh any benefits.

90. **Balancing Test.** Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the Defendant's conduct

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050   F: (213) 788-4070 | clarksonlawfirm.com

against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

91.    **No Utility.** Here, Defendants' conduct of labeling the Product containing the Material Omission when the Products pose severe short-term and long-term health risks has no utility and financially harms purchasers. Thus, the utility of Defendants' conduct is vastly outweighed by the gravity of harm.

92.    **Legislative Declared Policy.** Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.*, 504 F.3d 718, 735 (9th Cir. 2007).

93.    **Unfair Conduct.** Defendants' labeling and advertising of the Products, as alleged herein, is deceptive, misleading, and unreasonable, and constitutes unfair conduct. Defendants knew or should have known of their unfair conduct. Defendants' Material Omission constitutes an unfair business practice within the meaning of California Business and Professions Code Section 17200.

94.    **Reasonably Available Alternatives.** There existed reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have disclosed the Material Omission but chose not to do so.

95.    **Defendants' Wrongful Conduct.** All the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on numerous occasions daily.

96.    **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiffs and the California Subclass seek an order from this Court enjoining Defendants from continuing to engage, use, or employ their practices of labeling the Products with the Material Omission.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

97.    **Causation/Damages.** Plaintiffs and the California Subclass have suffered injury in fact, have lost money and were exposed to increased health risks because of Defendants' unfair conduct. Plaintiffs and the California Subclass paid an unwarranted premium for the Products. Specifically, Plaintiffs and the California Subclass paid for Products relying on the Products' labels and advertising. Plaintiffs and the California Subclass would not have purchased the Products, or would have paid substantially less for the Products, if they had known that the Products' advertising and labeling was deceptive. Accordingly, Plaintiffs seek damages, restitution, and/or disgorgement of ill-gotten gains pursuant to the UCL.

### *"Fraudulent" Prong*

98.    **Fraud Standard.** The UCL considers conduct fraudulent (and prohibits said conduct) if it is likely to deceive members of the public. *Bank of the W. v. Super. Ct.*, 2 Cal. 4th 1254, 1267 (1992).

99.    **Fraudulent & Material Omission.** Defendants made the Material Omission with the intent to sell the Products to consumers, including Plaintiffs and the California Subclass. The Material Omission is deceptive, and Defendants knew, or should have known, of its deception. The Material Omission is likely to mislead consumers into purchasing the Products because it is material to the average, ordinary, and reasonable consumer.

100.    **Fraudulent Business Practice.** As alleged herein, the omission by the Defendants constitutes a fraudulent business practice in violation of California Business and Professions Code Section 17200.

101.    **Reasonable and Detrimental Reliance.** Plaintiffs and the California Subclass reasonably and detrimentally relied on the Products' advertising and labeling with the Material Omission to their detriment in that they purchased the Products.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

102. **Reasonably Available Alternatives.** Defendants had reasonably available alternatives to further their legitimate business interests, other than the conduct described herein. Defendants could have disclosed the Material Omission but chose not to do so.

103. **Business Practice.** All the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct.

104. **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiffs and the California Subclass seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of labeling the Products with the Material Omission.

105. **Causation/Damages.** Plaintiffs and the California Subclass have suffered injury in fact and have lost money because of Defendants' fraudulent conduct. Plaintiffs paid an unwarranted premium for the Products. Specifically, Plaintiffs and the California Subclass paid for Products believing the Products' advertising and labeling with the Material Omission when, in fact, the Products pose severe short-term and long-term health risks. Plaintiffs and the California Subclass would not have purchased the Products if they had known the truth. Accordingly, Plaintiffs seek damages, restitution, and/or disgorgement of ill-gotten gains pursuant to the UCL.

### *"Unlawful" Prong*

106. **Unlawful Standard.** The UCL identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

107. **Violations of CLRA and FAL.** Defendants' labeling of the Products, as alleged herein, violates the CLRA, California Civil Code Sections 1750, *et seq.* and the FAL, California Business and Professions Code Sections 17500, *et seq.,* as set forth below in the sections regarding those causes of action.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

108. **Fraud.** Additionally, Defendants' use of the Material Omission to sell the Products violates California Civil Code Sections 1572 (actual fraud), 1573 (constructive fraud), 1709–1710 (fraudulent deceit), and 1711 (deceit upon the public), as set forth above.

109. **Additional Violations.** Defendants' conduct in making the omission as described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to its competitors. This conduct engenders an unfair competitive advantage for Defendants, thereby constituting an unfair, fraudulent, and/or unlawful business practice under California Business and Professions Code Sections 17200–17208. Additionally, Defendants' omission of material facts, as set forth herein, violate California Civil Code Sections 1572–73, 1709–11, and 1770, as well as the common law.

110. **Unlawful Conduct.** Defendants' packaging, labeling, and advertising of the Products, as alleged herein, are deceptive, misleading, and unreasonable, and constitute unlawful conduct. Defendants knew or should have known of their unlawful conduct.

111. **Reasonably Available Alternatives.** Defendants had reasonably available alternatives to further their legitimate business interests, other than the conduct described herein. Defendants could have disclosed the Material Omission but chose not to do so.

112. **Business Practice.** All the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct.

113. **Injunction.** Pursuant to Business and Professions Code Section 17203, Plaintiffs and the California Subclass seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of deceptive advertising of the Products.

CLASS ACTION COMPLAINT

114. **Causation/Damages.** Plaintiffs and the California Subclass have suffered injury in fact and have lost money because of Defendants' unlawful conduct. Plaintiffs and the California Subclass paid an unwarranted premium for the Products. Plaintiffs and the California Subclass would not have purchased the Products if they had known that Defendants purposely deceived consumers. Accordingly, Plaintiffs seek damages, restitution, and/or disgorgement of ill-gotten gains pursuant to the UCL.

## COUNT THREE
### Violation of California False Advertising Law
### (Business and Professions Code §§ 17500, *et seq.*)
### (*On Behalf of the California Subclass*)

115. **Incorporation by Reference.** Plaintiffs Z.B. and T.M. ("Plaintiffs" for purposes of this Count) reallege and incorporate by reference all allegations contained in this complaint, as though fully set forth herein.

116. **California Subclass.** Plaintiffs bring this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

117. **FAL Standard.** The False Advertising Law, codified at Cal. Bus. & Prof. Code section 17500, et *seq.*, prohibits "unfair, deceptive, untrue or misleading advertising."

118. **Material Representations Disseminated to the Public.** Defendants violated Section 17500 when it advertised and marketed the Products through the unfair, deceptive, and misleading Material Omission disseminated to the public through the Products' labeling, packaging, and advertising. The Material Omission is deceptive because the Products do not conform to it. The Material Omission is material because it is likely to and did mislead reasonable consumers into purchasing the Products.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

119. **Knowledge.** In making and disseminating the Material Omission, Defendants knew or should have known that the Material Omission was untrue or misleading, and acted in violation of Section 17500.

120. **Intent to sell.** Defendants' Material Omission was specifically designed to induce reasonable consumers, like Plaintiffs and the California Subclass, to purchase the Products.

121. **Causation/Damages.** As a direct and proximate result of Defendants' misconduct in violation of the FAL, Plaintiffs and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiffs and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiffs seek a monetary award for violation of the FAL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiffs and the California Subclass for said monies, as well as injunctive relief to enjoin Defendants' misconduct to prevent ongoing and future harm that will result.

## <u>COUNT FOUR</u>
### Violation Of Florida Deceptive and Unfair Trade Practice Act
### (Fla. Stat. § 501.201, et seq.)
### (*On Behalf of the Florida Subclass*)

122. **Incorporation by Reference.** Plaintiff R.A. ("Plaintiff" for purposes of this Count) incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

123. **Florida Subclass.** Plaintiff brings this claim individually and on behalf of the Florida Subclass who purchased the Products within the applicable statute of limitations.

CLASS ACTION COMPLAINT

124. **Standard**. Florida's Deceptive and Unfair Trade Practices Act prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

125. **Consumers**. The Florida Subclass consists of "consumers" within the meaning of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.203(7).

126. **Trade**. Defendants engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8), through the marketing, promotion, sale, and distribution of the Products, which contained kratom, without adequate disclosures of risks associated with their Products.

127. Defendants marketed their supplements to consumers as safe, plant-derived Products, while knowing that consumption of Products carries significant health risks, including but not limited to physical dependence, addiction, withdrawal symptoms, seizures, liver toxicity, respiratory depression, psychosis and hallucinations, risk of overdose, and even death.

128. **Unfair Competition**. Defendants engaged in unfair competition and unfair, unlawful or fraudulent business practices by the practices described above, and by knowingly and intentionally concealing from Plaintiff and Florida Subclass members the fact that the Products are dangerous and addictive, which was not readily discoverable at the time of purchase due to the Material Omission. Defendants should have disclosed this information because they were in a superior position to know the true facts related to this defect, and Plaintiff and the Florida Subclass members could not reasonably be expected to learn or discover the true facts related to this at the time of purchase.

129. **Knowledge**. Defendants made the Material Omission in the labeling and advertising on the Products and the Defendants knew or should have known that the

CLASS ACTION COMPLAINT

Products were dangerous and addictive at the time of sale. Defendants knew or should have known that its conduct violated the FDUTPA.

130. Defendants intentionally failed to disclose, concealed, and omitted material information regarding the known and foreseeable health risks associated with consumption of their Products. Defendants' omission and concealment were material, as reasonable consumers would consider safety and additions risks important in deciding whether to purchase or consume kratom supplements.

131. **Duty**. Defendants owed Plaintiff and the Florida Subclass members a duty to disclose the dangers and defective nature of the Products. Yet, they failed to provide adequate warnings, misled consumers to believe these Products were safe for consumption and repeated, and long term use, promoting their Products as harmless natural supplements.

132. **Likely to Deceive**. Defendants' unfair or deceptive acts or practices created likelihood of deception of confusion of reasonable consumers, including Plaintiff and the Florida Subclass, about the safety of the Products.

133. Plaintiff and other purchasers of these Products reasonably relied on Defendants' representations, omissions, and concealment when purchasing and consuming Defendants' Products, and were misled by the Defendants.

134. **Causation/Damages**. Plaintiff and the Florida Subclass are entitled to recover their actual damages under Fla. Stat. § 501.211(2) and attorneys' fees under Fla. Stat. § 501.2105(1). Plaintiff and the Florida Subclass members also seek an order enjoining Defendants' unfair, unlawful, and/or deceptive practices, declaratory relief, attorneys' fees, and any other just and proper relief available under the FDUTPA.

135. Defendants' conduct was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

CLASS ACTION COMPLAINT

136. **Service on Attorney General.** Pursuant to Fla. Stat. § 501.201, Plaintiff will serve the Florida Attorney General with a copy of this complaint as Plaintiff seeks injunctive relief.

## COUNT FIVE
### Breach of Warranty
### (*On Behalf of the Nationwide Class*)

137. **Incorporation by Reference.** Plaintiffs re-allege and incorporate by reference all allegations contained in this complaint, as though fully set forth herein.

138. **Nationwide Class.** Plaintiffs bring this claim individually and on behalf of the Nationwide Class who purchased the Products within the applicable statute of limitations.

139. **Express Warranty.** By advertising and selling the Products at issue, Defendants made promises and affirmations of fact on the Products' packaging and labeling, and through their marketing and advertising, as described herein. This labeling and advertising constitute express warranties and became part of the basis of the bargain between Plaintiffs and members of the Class and Defendants. Defendants purport, through the Products' labeling and advertising, to create express warranties that the Products, among other things, conform to the Material Omission.

140. **Implied Warranty of Merchantability.** By advertising and selling the Products at issue, Defendants, merchants of goods, made promises and affirmations of fact that the Products are merchantable and conform to the promises or affirmations of fact made on the Products' packaging and labeling, and through their marketing and advertising, as described herein. This labeling and advertising, combined with the implied warranty of merchantability, constitutes warranties that became part of the basis of the bargain between Plaintiffs and members of the Class and Defendants—to wit, that the Products, among other things, conform to the Material Omission.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

141. **Breach of Warranty.** Contrary to Defendants' warranties, the Products do not conform to the Material Omission and, therefore, Defendants breached their warranties about the Products and their qualities.

142. **Causation/Remedies.** As a direct and proximate result of Defendants' breach of warranty, Plaintiffs and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiffs and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiffs seek a monetary award for breach of warranty in the form of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiffs and the Class for said monies, as well as injunctive relief to enjoin Defendants' misconduct to prevent ongoing and future harm that will result.

143. **Punitive Damages.** Plaintiffs seek punitive damages pursuant to this cause of action for breach of warranty on behalf of Plaintiffs and the Class. Defendants' unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendants' misconduct is malicious as Defendants acted with the intent to cause Plaintiffs and consumers to pay for Products that they were not, in fact, receiving. Defendants willfully and knowingly disregarded the rights of Plaintiffs and consumers as Defendants were aware of the probable dangerous consequences of their conduct and deliberately failed to avoid misleading consumers, including the Plaintiffs. Defendants' misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such misconduct. Said misconduct subjected Plaintiffs and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendants' misconduct is fraudulent as Defendants, at all relevant times, intentionally misrepresented and/or concealed

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050   F: (213) 788-4070 | clarksonlawfirm.com

material facts with the intent to deceive Plaintiffs and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendants.

## COUNT SIX
### Unjust Enrichment
### (*On Behalf of the Nationwide Class*)

144. **Incorporation by Reference.** Plaintiffs re-allege and incorporate by reference all allegations contained in this complaint, as though fully set forth herein.

145. **Nationwide Class.** Plaintiffs bring this claim individually and on behalf of the Nationwide Class who purchased the Products within the applicable statute of limitations.

146. **Plaintiffs/Class Conferred a Benefit.** By purchasing the Products, Plaintiffs and members of the Nationwide Class conferred a benefit on Defendants in the form of the purchase price of the Products.

147. **Defendants' Knowledge of Conferred Benefit.** Defendants had knowledge of such benefit and Defendants appreciated the benefit because, were consumers not to purchase the Products, Defendants would not generate revenue from the sale of the Products.

148. **Defendants' Unjust Receipt Through Deception.** Defendants' knowing acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendants' fraudulent, misleading, and deceptive omission.

149. **Causation/Damages.** As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs and members of the Nationwide Class were harmed and are therefore entitled to restitution and disgorgement of the monies wrongfully obtained. Accordingly, Plaintiffs seek a monetary award for unjust enrichment in restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiffs and the Class for said monies, as well as injunctive relief to enjoin Defendants' misconduct to prevent ongoing and future harm that will result.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

# VIII.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for judgment and relief on all Causes of Action as follows:

a. **Certification:** For an order certifying this action as a class action, appointing Plaintiffs as the Class Representatives, and appointing Plaintiffs' Counsel as Class Counsel;

b. **Declaratory Relief:** For an order declaring that the Defendants' conduct violates the statutes and laws referenced herein consistent with applicable law and pursuant to only those causes of action so permitted;

c. **Injunction:** For an order requiring Defendants to change their business practices to prevent or mitigate the risk of the consumer deception and violations of law outlined herein. This includes, for example, orders that Defendants immediately cease and desist from selling the unlawful Products in violation of law; that enjoin Defendants from continuing to market, advertise, distribute, and sell the Products in the unlawful manner described herein; that require Defendants to engage in an affirmative advertising campaign to dispel the public misperception of the Products resulting from Defendants' unlawful conduct; and/or that require Defendants to take all further and just corrective action, consistent with applicable law and pursuant to only those causes of action so permitted;

d. **Damages/Restitution/Disgorgement:** For an order awarding monetary compensation in the form of damages, restitution, and/or disgorgement to Plaintiffs and the Class, consistent with applicable law and pursuant to only those causes of action so permitted;

e. **Punitive Damages/Penalties:** For an order awarding punitive damages, statutory penalties, and/or monetary fines, consistent with applicable law and pursuant to only those causes of action so permitted;

f. **Attorneys' Fees & Costs:** For an order awarding attorneys' fees and costs, consistent with applicable law and pursuant to only those causes of action so permitted;

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

CLASS ACTION COMPLAINT

g. **Pre/Post-Judgment Interest:** For an order awarding pre-judgment and post-judgment interest, consistent with applicable law and pursuant to only those causes of action so permitted; and

h. **All Just & Proper Relief:** For such other and further relief as the Court deems just and proper.

## IX.   JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on all triable issues.

DATED: January 23, 2026                  **CLARKSON LAW FIRM, P.C.**


s/ *Yana Hart*
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
Bryan P. Thompson (SBN 354683)
*bthompson@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

*Attorneys for Plaintiffs and the Proposed Classes*

CLASS ACTION COMPLAINT